AUTOMOBILE INS. CO. OF HARTFORD, CONN., *v.* HICKS.*

(Division B. Feb. 14, 1927.)

[111 So. 362. No. 26271.]

INSURANCE. *Insured held equitable owner, as required by fire policy, where purchaser of tax title conveyed property to him and wife on redemption.*

Where purchaser of tax title, on payment of amount due by owner's wife for him, conveyed property to owner and wife, wife simply acquired naked legal title to interest which she then held in trust for husband, who was sole and unconditional owner of equitable and beneficial interest contemplated by fire policy providing insured must be sole and unconditional owner of property, precluding defense under policy on ground insured was not sole owner.

*Corpus Juris-Cyc. References: Fire Insurance, 26CJ, p. 173, n. 2; p. 180, n. 32.

APPEAL from circuit court of Yazoo county.

HON. W. H. POTTER, Judge.

Action by John Hicks against the Automobile Insurance Company of Hartford, Conn. Judgment for plaintiff, and defendant appeals. Affirmed.

*Barbour & Henry,* for appellant.

*\*Reporter's Note:* Brief for appellant missing from the record.

*D. R. Barnett* and *Ruth Campbell,* for appellee.

If the tax sale were good, the wife could not take title in herself or in her husband without his knowledge and consent. Under the evidence in this case, if the legal title were vested in the wife, she was a trustee for her husband, his money being used by her to obtain title in her, the money being given her not as a loan with which to purchase for herself, but to purchase for him. *Shrader* v. *Shrader,* 119 Miss. 526.

The policy on which the suit is brought requires that the insured be the sole and unconditional owner. There is no requirement that the owner shall have the legal title. An equitable title meets the requirement of the policy if it be sole and unconditional. The plaintiff had such title and should recover.

The property was not only a homestead, but was the property of the plaintiff, and his wife could not by purchase, either with her own money or his, acquire a title to the property without the plaintiff's knowledge and consent. *Price* v. *Fortich,* 138 Miss. 847; 39 Cyc. 1350; 27 Am. & Eng. Taxation 851; *Phoenix Ins. Co.* v. *Bowdre,* 67 Miss. 620; *Liverpool Ins. Co.* v. *McGuire,* 52 Miss. 227; *Grace* v. *Ins. Co.,* 94 Miss. 201-06.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, the insurance company, appeals from a judgment in favor of John Hicks, on an insurance policy covering a dwelling and the furniture therein which was destroyed by fire.

The insurance company makes the technical defense that the insured was not the sole and unconditional owner of the property, as provided in the policy, when it burned, but that his wife owned a one-half interest therein, and that, therefore, the policy is void as to the insurance of one thousand five hundred dollars upon the house, named in the policy.

The insured, John Hicks, had carried the policy and paid the premiums thereon for some years before the property, which was his home, was destroyed by fire. He was a negro carpenter, working in and out of Yazoo City, and was away from home part of the time. It appears that John let his home be sold to the city for city taxes, and the city afterwards deeded it to Mr. Campbell for a sum to cover the amount of the taxes, and Mr. Campbell notified John to call on him and redeem the property. John was working out of town and had to see and collect from his employers enough money to pay off the amount due Mr. Campbell, who had paid the city about nineteen dollars, the amount of the taxes, for which he received a deed to the property.

After collecting enough money to pay Mr. Campbell, John, who was then working out of town, sent his wife, Malzina Hicks, with the money to Mr. Campbell to get his deed to the property. She took the money to Mr. Campbell and received a deed from him conveying the property to her and John. John never intended that the title of his property should be changed to his wife, and he had not sent the money to Mr. Campbell for that purpose.

So we hold that when Malzina Hicks, the wife, paid the money to Mr. Campbell for her husband, John, and took a deed to a one-half interest to herself, she simply acquired a naked legal title to an interest, which she then

held in trust for her husband, and John was the sole and unconditional owner of the equitable and beneficial interest in the property. That was the kind of title contemplated and intended by the insurance policy when it provided that the insured must be the sole and unconditional owner of the property; otherwise, the policy was to be void.

The defense here invoked is highly technical and is too refined to weigh appreciably in the scales of justice. We think this case comes within the rule announced in *Phenix Insurance Co.* v. *T. B. Bowdre et al.*, 67 Miss. 620, 7 So. 596, 19 Am. St. Rep. 326, and that the decision therein is sound and just, and we adhere to it in the case at bar, for to hold otherwise would be to cling to the shadow and forsake the substance.

The judgment of the lower court will be affirmed.

*Affirmed.*